# IN THE U.S. DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, and APPLIED TECHNICAL SERVICES, INC. § § § § § Plaintiffs, § § vs. § § § UNITED STATES LIABILITY § INSURANCE COMPANY d/b/a § UNITED STATES LIABILITY § INSURANCE GROUP § § Defendant. § | No. _____ |

## COMPLAINT

Comes the Plaintiffs, The Cincinnati Insurance Company (Cincinnati) and Applied Technical Services, Inc. (ATS), and would respectfully show the Court as follows:

1. This lawsuit involves citizens of different states, and the amount in controversy exceeds $75,000. Accordingly, this is a diversity case filed in accordance with 28 U.S.C. § 1332(a).

2. This lawsuit arises from events that occurred in the Middle District of Tennessee and venue is, therefore, appropriate in this Court.

3. The Cincinnati Insurance Company is an Ohio corporation maintaining its chief place of business at 6200 South Gilmore Street, Fairfield, Ohio 45014.

4. Applied Technical Services, Inc., is a Georgia corporation maintaining its chief place of business at 1049 Triad Court, Marietta, Georgia 30062.

5. United States Liability Insurance Company d/b/a United States Liability Insurance Group (USLIG) is a Pennsylvania corporation maintaining its chief place of business at 190 South

Warner Road, Wayne, Pennsylvania 19087-2191.

6. This complaint may be served on USLIG at its chief place of business, 190 South Warner Road, Wayne, Pennsylvania 19087-2191.

7. At all times relevant to this lawsuit, ATS was the named insured on a liability policy issued by USLIG. Copies of the applicable policy form and the declarations page are attached hereto and filed as collective Exhibit A.

8. ATS is an engineering firm that, among other things, provides legal support for attorneys. ATS employs individuals who are experts on fire cause and origin, and they are often used by insurance companies to determine the cause of a fire or explosion.

9. Cincinnati hired ATS to serve as an expert in the matter of *The Cincinnati Insurance Company v. Mid-South Drillers Supply, Inc. and Eaton Aeroquip, Inc.* (Circuit Court for Wilson County, Tennessee, Number 13123). Cincinnati v. Mid-South and Eaton was a subrogation case seeking to recover $105,748.36 Cincinnati had paid to its insured for repairs to a well drilling rig. Cincinnati hired ATS as its cause and origin expert.

10. An expert from ATS performed a thorough examination on the drill rig and determined that the failure of a high pressure hose and hose ends manufactured by Eaton had caused the explosion that damaged the rig.

11. ATS negligently discarded the hose which, of course, made it impossible for the defendants to adequately defend the case.

12. Mid-South filed a motion for summary judgment, relying upon spoliation of evidence. Eaton joined in the motion.

13. The trial court agreed that Cincinnati was guilty of spoliation because ATS had

destroyed or discarded the hose, and dismissed the case. Cincinnati appealed to the Tennessee Court of Appeals, but the judgment was affirmed.

14. As a consequence of ATS's negligent conduct, Cincinnati suffered a loss in the amount of $105,748.36.

15. ATS was also Cincinnati's cause and origin expert in the matter of *Morris Tee, Inc. d/b/a Olympus Health Club and Spa v. The Outreach Thrift Store, Inc.*, (Rutherford County, Tennessee Circuit Court, Number 53480).

16. The suit arose from a fire which occurred on February 13, 2005, on property being leased by Outreach. The fire resulted in a loss of property, loss of business, and loss of profits to Morris Tee. Morris Tee sued Outreach, alleging that it had been negligent in overloading a power strip, which then overheated and caused the fire. Morris Tee also claimed Outreach was negligent in failing to contact the fire department after the sprinkler system was activated.

17. Cincinnati defended on behalf of its insured, Outreach Thrift Store, Inc. (Outreach).

18. John Lentini, an expert employed by ATS, conducted a field investigation of the fire on February 16, 2005, just three days after the fire. He concluded that the fire originated on a work table or work bench located at the rear of the Outreach store. According to Outreach's president, there were only a few items at the table in question, including a power strip with a multi-outlet receptacle. Mr. Lentini concluded that the only male plug connected to the power strip at the time of the fire was the male plug of an extension cord supplying power to a refrigerator.

19. Mr. Lentini retained possession of the power strip and several other items.

20. Morris Tee attempted to determine the origin of the fire by hiring its own experts, Donan Engineering Company, Inc. Mr. Spencer concluded that the fire originated from a

combination of problems with the power strip, the extension cords running to and from it, and the items plugged into the power strip. According to Mr. Spencer, there were two items plugged into the power strip, which was in clear disagreement with Mr. Lentini's conclusions. A second plaintiff's expert agreed with Mr. Spencer's conclusions.

21. Outreach filed a motion for summary judgment on April 11, 2008. The motion heavily relied upon the affidavit of Mr. Lentini.

22. Unfortunately, Mr. Lentini negligently misplaced or destroyed the physical evidence which was to have remained in ATS custody. This prevented the plaintiff from being able to perform its own testing and inspection of the evidence. Consequently, plaintiff was unable to respond to Mr. Lentini's affidavit.

23. Morris Tee filed a successful motion in limine to exclude Mr. Lentini because of spoliation. The motion was granted, and Mr. Lentini was excluded.

24. Mr. Lentini was Outreach's only expert who had actually seen the physical evidence. Thus, his exclusion made it impossible for Cincinnati to defend the case. Cincinnati was forced to pay Morris Tee's loss.

25. As a direct and proximate result of the negligence of Mr. Lentini and his employers, ATS, Cincinnati suffered a loss in the amount of $82,453.81 with regard to the Morris Tee case.

26. Cincinnati subsequently notified ATS that it was making a claim for recovery of the losses arising from its negligence.

27. ATS then reported the claim to USLIG, its liability insurance group. Despite the fact that the claim was covered by the USLIG policy, USLIG wrongfully denied coverage.

28. Because USLIG had wrongfully denied coverage, ATS was forced to negotiate

directly with Cincinnati.

29. Cincinnati and ATS agreed to settle Cincinnati's claims against ATS for $188,202.17. ATS was represented by a Georgia insurance attorney who actually wrote the settlement agreement.

30. Of this, ATS paid Cincinnati $50,000.00 up front, and assigned all of its rights against USLIG to Cincinnati.

31. The agreement requires ATS to participate in prosecution of this case.

32. The agreement provides that the first $50,000.00 in proceeds from this lawsuit will be paid to ATS as reimbursement for the settlement payment it was wrongfully forced to pay. Cincinnati would then be entitled to recovery of the amount necessary to make it whole, which would be $138,202.17. A photocopy of the settlement agreement is attached hereto and filed as Exhibit B to this complaint.

33. As a result of the wrongful acts of USLIG, both Cincinnati and ATS have suffered losses for which they seek redress in this litigation.

Accordingly, plaintiffs demand judgment on behalf of Cincinnati in the amount of $188,202.17, of which $50,000.00 will be paid over to ATS or, in the alternative, for a judgment in favor of The Cincinnati Insurance Company in the amount of $138,202.17 and a judgment on behalf of ATS in the amount of $50,000.00.

Respectfully submitted this 9th day of December, 2011.


                                  s/ John M. Neal
                                  John M. Neal, #5920
                                  THE NEAL LAW FIRM
                                  Post Office Box 51930
                                  Knoxville, Tennessee 37950
                                  865-414-6784 Direct Line
                                  865-684-4600 Main Line/Facsimile
                                  jneal11254@aol.com
                                  Attorney for Plaintiff The Cincinnati Insurance Company and Applied Technical Services, Inc.