IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THE CINCINNATI INSURANCE )
COMPANY; and APPLIED )
TECHNICAL SERVICES, INC. )    No. 3-11-1169
　　　　　　　　　　　　　　　)
v.                           )
　　　　　　　　　　　　　　　)
UNITED STATES LIABILITY      )
INSURANCE COMPANY d/b/a United )
States Liability Group       )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' initial case management order, with one minor modification. That modification and other matters addressed at the initial case management conference held on March 16, 2012, are as follows:

1.The defendant has already served its initial disclosures in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure. The plaintiffs shall serve their Rule 26(a)(1) initial disclosures no later than March 23, 2012.

2.Any motions to amend the pleadings shall be filed by June 15, 2012.

3.By July 16, 2012, the parties shall file a joint mediation report, indicating whether they have participated in mediation and, if so, whether they were able to reach a resolution of the case, and, if not, whether the potential for settlement remains, and, if they have not participated in mediation, whether they intend to do so, when and with whom.

4.All written discovery shall be served no later than October 15, 2012.

5.All discovery shall be completed by November 15, 2012.

6.The parties are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

7. The parties shall schedule a telephone conference call with the Court no later than November 21, 2012, to address any discovery disputes. No discovery motions shall be considered unless a conference call has been scheduled by November 21, 2012.

8. The parties stipulated that, if either party produces or discloses any documents to which attorney client privilege or work product protection could be asserted, such production or disclosure shall not constitute any waiver of the attorney-client privilege or work product protection as to any other documents or information.

The parties did not provide for expert disclosures in their case management order and the issue of experts was not addressed at the initial case management conference. The Court assumes that the parties will not use any experts in this case.

If that assumption is incorrect, either party (or both parties) shall file a notice of intent to use experts by April 30, 2012. If either party intends to use experts in this case, deadlines for disclosure and discovery of such experts will be established. However, if no such notice is filed by April 30, 2012, the parties shall not use any experts in this case.

Counsel for the parties represented that they intend to consent to proceed before the Magistrate Judge in this case.

Therefore, contingent upon the parties' filing a consent to proceed before the Magistrate Judge and a reassignment of this case to the Magistrate Judge, a non-jury trial is tentatively scheduled to begin on **Tuesday, April 9, 2013, at 9:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville. The parties anticipate that the trial will last two (2) days.

The parties are directed to contact Ms. Jeanne Cox, Courtroom Deputy, by 12:00 noon on Friday, April 5, 2013, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys.

The pretrial conference is also scheduled on **Thursday, March 28, 2013, at 1:00 p.m.,** in Courtroom 764.

By March 1, 2013, counsel shall advise opposing counsel of those portions of any depositions to be read at trial or those portions of video depositions to be viewed at trial, in accord with Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By March 11, 2013, the parties shall file any motions in limine, any evidentiary objections to deposition testimony, in accord with Local Rule 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, and any responses to objections to deposition testimony and proposed exhibits shall be filed by March 21, 2013.

By March 21, 2013, the parties shall also:

1. Submit a proposed joint pretrial order;[1]
2. File and serve their respective final witness and exhibit lists; and
3. File a listing of all agreed stipulations.

A deadline for filing pretrial briefs will be established at the pretrial conference, if appropriate.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

                                                           *Juliet Griffin*
                                                           JULIET GRIFFIN
                                                           United States Magistrate Judge

---

[1] The pretrial order shall contain (1) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings; (2) a short summary of the plaintiffs' theory (no more than one page); (3) a short summary of the defendant's theory (no more than one page); (4) the issues to be submitted to the Court; (5) any anticipated evidentiary issues; and (6) a statement that the parties have complied with the provisions of this order.